IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Plaintiff, | ) | **AND ORDER** |
| | ) | |
| vs. | ) | Crim. No. 3:06-cr-50 |
| | ) | |
| Daniel Shern, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are Defendant's Objections to the Presentence Investigation Report (Doc. #44). During the January 11, 2007 sentencing, the Court ruled on Defendant's objections, and those rulings stand. However, the Court concludes a written opinion is appropriate regarding one of those rulings — that Shern's prior conviction triggers the enhanced penalty under 18 U.S.C. § 2252(b)(2) — in order to clearly articulate and expand on its analysis and findings.

Shern argues his prior conviction — a conviction in Minnesota state court for criminal sexual conduct in the second degree — should not trigger the enhanced penalty under 18 U.S.C. §2252(b)(2). Section 2252(b)(2) states that if an individual has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," among other offenses, he is subject to a minimum mandatory sentence of 10 years. Shern argues that aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward are codified under 18 U.S.C. §§ 2241, 2242, and 2243, respectively, and each requires a "sexual act," as defined by 18 U.S.C. § 2246(2). Shern's Minnesota conviction followed after he convinced a seven-year-old girl to touch his penis, but did not include any allegation that he touched her inappropriately. Shern argues that because he is not alleged to have touched the child, his

1

actions do not constitute a "sexual act" under 18 U.S.C. §2246(2).

The United States argues that there is no language indicating that § 2252(b)(2) intends to limit "aggravated sexual abuse, sexual abuse, and abusive sexual conduct" to acts including a "sexual act" as defined by 18 U.S.C. § 2246(2).  Because the statute implicates prior convictions "under the laws of any state relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct," its application should be broadened.  See United States v. McCutchen, 419 F.3d 1122, 1126-27 (10th Cir. 2005).   Additionally, the United States argues that the presumption such a narrow view would force — that a child touching an adult's genitals is less injurious than an adult touching a child's genitals — is illogical.

Generally speaking, when Congress uses the same statutory language in different statutes with the same general purpose, there is a presumption that Congress intended the same interpretation.  United States v. Templeton, 378 F.3d 845, 850 (8th Cir. 2004) (citing United States v. West Indies Transport, Inc., 127 F.3d 299, 309 (3rd Cir. 1997)).  However, the language here is not the same.  "Aggravated sexual abuse" is codified, as Defendant alleges, in 18 U.S.C. § 2241.  Similarly, "sexual abuse" is found at § 2242.  Both of these federal crimes require a "sexual act" as defined in § 2246.  However, the third offense listed in the enhanced penalty provision, "abusive sexual conduct involving a minor or ward" is found nowhere in the United States Code.  Defendant, ignoring clear textual differences, argues that it is codified in § 2243, entitled "Sexual abuse of a minor or ward."  The statutory language is different.  In fact, it no more closely tracks the enhancing language than does § 2244, "Abusive sexual conduct," under which Defendant admits his Minnesota conviction would fall.  Because the language is clearly different, the presumption  that Congress intended the same interpretation cannot apply.

2

Furthermore, the Court is persuaded by the Tenth Circuit's interpretation that the phrase "relating to" broadens the application of the statute.  The Defendant's interpretation of 18 U.S.C. § 2252(b)(2) fails to give effect to the plain language of the statute, completely omitting from its analysis any consideration for the words, "under the laws of any State relating to."  The Court is convinced Congress included those words intentionally, and they are afforded due consideration.

The Court concludes the Minnesota conviction for criminal sexual conduct in the second degree triggers the enhanced penalty provision under 18 U.S.C. § 2252(b)(2).  The Court **ORDERS** that Defendant is subject to a 10-year minimum mandatory sentence.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2007.

        /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court